Merrimack,
No. 4509.

GORDON KAHN *v.* LOUIS C. WYMAN, *Attorney General.*

Submitted May 31, 1956.

Decided June 8, 1956.

*Tiffany & Osborne* for the plaintiff.

*Louis C. Wyman,* Attorney General, *pro se.*

*Hugh H. Bownes, amicus curiae.*

PER CURIAM. The divided opinion in *Pennsylvania* v. *Nelson*, 350 U. S. 497 (decided Apr. 2, 1956) is interpreted to hold that this state is precluded from prosecuting crimes which involve sedition and subversive activities directed against the government of the United States because as there stated the enforcement of state acts forbidding such activities "presents a serious danger of conflict with the administration of the federal program." See also, *Commonwealth* v. *Gilbert*, (Mass.) 134 N. E. (2d) 13 (decided May 3, 1956).

In the present case, however, the issue is whether or not the *Nelson* case precludes the Legislature of this state from conducting investigations of subversive activities within the state as distinct from providing for the prosecution of crimes. While it is not clear what a state legislative investigation of subversive activities may accomplish at the present time, we are not satisfied that the *Nelson* case, *supra,* purports to preclude such an investigation. If state investigation of subversive activities is to be prohibited, a declaration to that effect must come from higher authority than this court. We know of no decision of any court which has ruled that the investigative aspects of state subversive activities legislation have been pre-empted by the federal government. We therefore conclude that the Trial Court was correct in dismissing this petition.

Questions attempted to be raised about the validity of the Immunity Act (Laws 1955, *c.* 312) are not involved in this proceeding at this time.

*Petition dismissed.*